# Exhibit 1

Exhibit 1

The Wright Law Firm, LLC
928 N. Main Street
Manahawkin, New Jersey 08050
(609) 759-2500
Attorney ID: 013642008
Attorney For: Plaintiff

| Bridegt Albanese, | SUPERIOR COURT OF NEW JERSEY OCEAN COUNTY LAW DIVISION |
|---|---|
| Plaintiff, | |
| | DOCKET NO.: OCN-L-2111-17 |
| v. | |
| Ecolab, Inc., John Does 1-10, Jane Does 1-10, XYZ Partnerships 1-10, XYZ LLCs 1-10, XYZ Corporations 1-10, | CIVIL ACTION |
| | SUMMONS |
| Defendants. | |

The State of New Jersey, to the Above Named Defendant:

**Ecolab, Inc**
**C/O The Corporation Trust Company**
820 Bear Tavern Road
West Trenton, NJ 08628

**YOU ARE HEREBY SUMMONED** in a Civil Action in the Superior Court of New Jersey, instituted by the above named plaintiff(s), and required to serve upon the attorney(s) for the plaintiff(s), whose name and office address appears above, an answer to the annexed complaint within 35 days after the service of the summons and complaint upon you, exclusive of the day of service. If you fail to answer, judgment by default may be rendered against you for the relief demanded in the complaint. You shall promptly file your answer and poof of service thereof with the Clerk of the Superior Court, Ocean County, at 118 Washington Street, Toms River, New Jersey 08754, in accordance with the rules of civil practice and procedure.

If you cannot afford to pay an attorney, call a Legal Services Office. An individual not eligible for free legal assistance may obtain a referral to an attorney by calling a county lawyer referral service. These numbers may be listed in the yellow pages of your phone book. The phone numbers for the county in which this action is pending are:   Lawyer Referral Service, 732-240-3666; Legal Services Office, 732-341-2727.

*Michelle M. Smith*
Clerk of Superior Court

Dated: 07/31/2017

Name of Defendant to be Served:
Ecolab, Inc
C/O The Corporation Trust Company
820 Bear Tavern Road
West Trenton, NJ 08628

The Wright Law Firm LLC
928 North Main Street
Manahawkin, New Jersey 08050
(609) 759-2500
David T. Wright, Esq.
Attorney ID: 900672012
Attorney For Plaintiff
Bridget Albanese


RECEIVED & FILED
JUL 24 2017
SUPERIOR CT., OCEAN CO.


Recieved
SCANNED JUL 3 1 2017
The Wright Law Firm

| Bridget Albanese<br>Plaintiff,<br><br>v.<br><br>Ecolab, Inc., John Does 1-100, Jane Does 1-100, XYZ Partnerships 1-100, XYZ LLCs 1-100, XYZ Corporations 1-100,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>OCEAN COUNTY<br><br>DOCKET NO.: OCN-L-2111-17<br><br>CIVIL ACTION<br><br>COMPLAINT AND JURY DEMAND |
|---|---|

Plaintiff, by way of Complaint against defendants, says as follows:

### PARTIES - PLAINTIFFS

1. Plaintiff, Bridget Albanese, resides at 357 North 1st Street, Surf City, Ocean County, New Jersey.

2. Plaintiff was severely and permanently injured on September 6, 2015 while she was using a cleaning chemical.

3. For the reasons set forth herein, the cleaning chemical was dangerously defective and/or improperly labeled, and such defects caused Plaintiff's injuries.

4. Plaintiff has suffered and continues to suffer severe pain, discomfort and restrictions on his day to day life as a result of his injuries.

5. Plaintiff will continue to suffer this severe pain, discomfort and restriction and require medical treatment well into the future.

### PARTIES - DEFENDANTS

6. Defendant Ecolab, Inc. is an individual residing or doing business at 1 Ecolab Place, St. Paul, Minnesota, and was engaged in the business of manufacturing, selling, merchandising, installing, supplying and/or distributing the chemical which caused Plaintiff's injury.

7. John and Jane Does, XYZ Corporations, Partnerships, and LLCs 1 through

1

50, are the fictitious names of corporations, partnerships, or other business entities or organizations whose identities are not presently known, and who were engaged in the business of manufacturing, selling, merchandising, installing, supplying and/or distributing utility trailers which caused Plaintiff's injury.

8. John and Jane Does, XYZ Corporations, Partnerships, and LLCs 51 through 75 are the fictitious names of corporations, partnerships, or other business entities or organizations whose identities are not presently known, and who are the alter egos of or are otherwise responsible for the conduct or liability of those who were engaged in the business of manufacturing, selling, merchandising, installing, supplying and/or distributing utility trailers which caused Plaintiff's injury.

9. John and Jane Does, XYZ Corporations, Partnerships, and LLCs 76 through 100 are the fictitious names of corporations, partnerships, or other business entities or organizations whose identities are not presently known, and who manufactured, distributed, marketed, supplied, installed, maintained, or repaired equipment, machines or other devices used or employed in connection with utility trailers or materials.

10. The term "defendants" is used hereafter to refer to all of the entities named above.

11. All the conduct set forth herein was done with wanton and willful disregard of the foreseeable harm to plaintiff, sufficient to trigger an award of punitive damages.

### FIRST COUNT
### (Strict Products Liability)

12. Plaintiff repeats and incorporates as if fully set forth herein each and every allegation contained in the prior paragraphs of this Complaint.

13. Defendants, at all times relevant hereto, acted through their respective officers, employees and agents, who in turn were acting within the scope of their authority and employment in furtherance of the business of defendants.

14. On September 6, 2015 plaintiff was injured by a checmical manufactured, sold, merchandised, installed, supplied and/or distributed, directly or indirectly, by defendants.

2

15. The products manufactured, sold, merchandised, installed, supplied and/or distributed by defendants were defective in their inadequate warnings causing the products to be dangerous and defective thereby making them unsafe for their intended use. The products were defective because they were not reasonably suitable for their intended purpose and were unreasonably dangerous because the product caused severe chemical burns when it came in to contact with Plaintiff's skin.

16. Defendants foresaw, or should have foreseen, that their products would reach users of their products in the same condition in which they were placed into the stream of commerce.

17. Plaintiff was unaware of the dangerous and defective nature of the products manufactured, sold, merchandised, installed, supplied and/or distributed by defendants.

18. The utility of the products manufactured, sold, merchandised, installed, supplied and/or distributed by defendants was outweighed by the risks associated with the products.

19. During all relevant time periods plaintiff used the products manufactured, sold, merchandised, installed, supplied and/or distributed by defendants in their intended manner.

20. During all relevant time periods plaintiff was a foreseeable and intended user of the products manufactured, sold, merchandised, installed, supplied and/or distributed by defendants.

21. The failure of defendants to properly design their products and provide adequate warnings proximately caused the injuries and damages sustained by plaintiff.

22. As a direct and proximate result of plaintiff's exposure to the chemical manufactured, sold, merchandised, installed, supplied and/or distributed by defendants, plaintiff has been injured and continues to suffer from his injuries.

23. Defendants, as the manufacturers, sellers, merchandisers, installers, suppliers and/or distributors of the products to which plaintiff was exposed, are therefore strictly liable in tort to plaintiff.

**WHEREFORE**, plaintiff demands judgment, including compensatory and punitive damages against defendants, jointly and severally, with interest, attorneys fees and costs of suit as provided by law.

## SECOND COUNT
### (Negligence)

24. Plaintiff repeats and incorporates as if fully set forth herein each and every allegation contained in the prior paragraphs of this Complaint.

25. Defendants failed to exercise reasonable care in the manufacture, supply, sale, distribution, labeling, inspection and/or testing of the products and equipment to which plaintiff was exposed.

26. At all times mentioned in the Complaint, defendants knew, or in the exercise of reasonable care should have known, that their products were defective, ultra hazardous, dangerous and otherwise highly harmful to plaintiff.

27. Defendants negligently and carelessly manufactured, supplied, labeled, sold, distributed, inspected and/or tested the utility trailer to which plaintiff was exposed and as a result, the utility trailer was dangerous and unsafe for its intended use.

28. Defendants failed to exercise reasonable care in warning of the dangers of their products thereby making the products defective and unreasonably dangerous.

29. As a proximate result of the acts and omissions of defendants, plaintiff was injured.

**WHEREFORE**, plaintiff demands judgment, including compensatory and punitive damages against defendants, jointly and severally, with interest, attorneys fees and costs of suit as provided by law.

## THIRD COUNT
### (Breach of Warranty)

30. Plaintiff repeats and incorporates as if fully set forth herein each and every allegation contained in the prior paragraphs of this Complaint.

31. Defendants expressly or impliedly warranted that their products, which they manufactured, sold, merchandised, installed, supplied and/or distributed or otherwise placed in the stream of commerce were merchantable, reasonably fit for use, and safe for their intended purposes.

4

32. Defendants breached said warranties in that their products were defective, ultra hazardous, dangerous, unfit for use, not merchantable, and not safe for their intended, ordinary and foreseeable use and purposed.

33. As a direct and proximate result of the breach of warranties of defendants, plaintiff, in the course of using the defendants' products for their ordinary and foreseeable uses, was exposed to and came in contact with the defendants' products thereby causing plaintiff to suffer the injuries and damages.

WHEREFORE, plaintiff demands judgment, including compensatory and punitive damages against defendants, jointly and severally, with interest, attorneys fees and costs of suit as provided by law.

### FOURTH COUNT
### (Concerted Action)

34. Plaintiff repeats and incorporates as if fully set forth herein each and every allegation contained in the prior paragraphs of this Complaint.

35. Defendants acted in concert with each other with other members of the industry, through express or implied agreement to (a) withhold from the public, including those individuals whom defendants knew or should have known would be exposed to their products, information regarding the health risks and hazards of their products; (b) prevent the development of adequate procedures and testing to deal with the health risks and hazards of their products; and (c) ensure that their products became widely used in numerous trades and industries.

36. Defendants knew that their activities violated the common law standards of care and that their withholding of information, failure to develop appropriate procedures and testing, and encouragement of the widespread use of their products would expose persons such as plaintiff to unreasonable risk of injury.

37. As a direct and proximate consequence of the concerted actions of defendants and other members of the chemical manufacturing and sales industry, plaintiff was exposed to and came in contact with the defendants' products in the course of his/her ordinary and foreseeable use of the products thereby causing plaintiff to suffer the injuries and damages.

WHEREFORE, plaintiff demands judgment, including compensatory and punitive

5

damages against defendants, jointly and severally, with interest, attorneys fees and costs of suit as provided by law.

### FIFTH COUNT
### (Fraud/Misrepresentation)

38. Plaintiff repeats and incorporates as if fully set forth herein each and every allegation contained in the prior paragraphs of this Complaint.

39. Defendants failed to disclose or intentionally and negligently misrepresented to plaintiff the health risks and hazards associated with the ordinary and foreseeable use of their products.

40. Plaintiff, a foreseeable user of defendants' products, relied upon said representations.

41. As a result of defendants' conduct, plaintiff came in contact with and was exposed to defendants' products thereby causing plaintiff to suffer the injuries and damages.

**WHEREFORE**, plaintiff demands judgment, including compensatory and punitive damages against defendants, jointly and severally, with interest, attorneys fees and costs of suit as provided by law.

The Wright Law Firm, LLC
Attorneys for Plaintiff

By: David T. Wright, Esq.
DATED: 7-20-17

### DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues.

### DESIGNATION OF TRIAL COUNSEL

David T. Wright, Esq. is hereby designated as trial counsel.

6

## CERTIFICATION PURSUANT TO R. 4:5-1

The undersigned certifies that to the best of my knowledge this matter is not the subject of any other legal or arbitration proceeding in the Courts of New Jersey. The undersigned further certifies that to my knowledge no other persons should be party to this matter other than those named in this Complaint.

_____
David T. Wright, Esq.
DATED:

7

Appendix XII-B1

# CIVIL CASE INFORMATION STATEMENT (CIS)

Use for initial Law Division Civil Part pleadings (not motions) under *Rule* 4:5-1. Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed

| FOR USE BY CLERK'S OFFICE ONLY | |
|---|---|
| PAYMENT TYPE: | ☐ CK ☐ CG ☐ CA |
| CHG/CK NO. | |
| AMOUNT: | |
| OVERPAYMENT: | |
| BATCH NUMBER: | |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| David T. Wright, Esq. | (609) 759-2500 | Ocean |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| The Wright Law Firm, LLC | |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 928 North Main Street Manahawkin, NJ 08050 | Complaint |
| | JURY DEMAND   ■ YES   ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Bridget Albanese, Plaintiff | Bridget Albanese v. Ecolab, Inc., et al. |

| CASE TYPE NUMBER (See reverse side for listing) | HURRICANE SANDY RELATED? | IS THIS A PROFESSIONAL MALPRACTICE CASE?    ☐ YES   ■ NO |
|---|---|---|
| 606 | ☐ YES  ■ NO | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? | IF YES, LIST DOCKET NUMBERS |
|---|---|
| ☐ YES   ■ NO | |

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) |
|---|---|
| ☐ YES   ■ NO | ☐ NONE  ■ UNKNOWN |

THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? | IF YES, IS THAT RELATIONSHIP: |
|---|---|
| ☐ YES   ■ NO | ☐ EMPLOYER/EMPLOYEE   ☐ FRIEND/NEIGHBOR   ☐ OTHER (explain)   ☐ FAMILIAL   ☐ BUSINESS |

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? | ☐ YES   ☐ NO |
|---|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| ☐ YES   ■ NO | |

| WILL AN INTERPRETER BE NEEDED? | IF YES, FOR WHAT LANGUAGE? |
|---|---|
| ☐ YES   ■ NO | |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE: *[signature]*

Effective 06/05/2017, CN 10517                                                                                                   page 1 of 2

Side 2



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days' discovery
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM (coverage issues only)
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (summary action)
- 999 OTHER (briefly describe nature of action)

### Track II - 300 days' discovery
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621 UM or UIM CLAIM (includes bodily injury)
- 699 TORT – OTHER

### Track III - 450 days' discovery
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

### Track IV - Active Case Management by Individual Judge / 450 days' discovery
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 620 FALSE CLAIMS ACT
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

### Multicounty Litigation (Track IV)
- 271 ACCUTANE/ISOTRETINOIN
- 274 RISPERDAL/SEROQUEL/ZYPREXA
- 281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282 FOSAMAX
- 285 STRYKER TRIDENT HIP IMPLANTS
- 286 LEVAQUIN
- 287 YAZ/YASMIN/OCELLA
- 289 REGLAN
- 290 POMPTON LAKES ENVIRONMENTAL LITIGATION
- 291 PELVIC MESH/GYNECARE
- 292 PELVIC MESH/BARD
- 293 DEPUY ASR HIP IMPLANT LITIGATION
- 295 ALLODERM REGENERATIVE TISSUE MATRIX
- 296 STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS
- 297 MIRENA CONTRACEPTIVE DEVICE
- 299 OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR
- 300 TALC-BASED BODY POWDERS
- 601 ASBESTOS
- 623 PROPECIA
- 624 STRYKER LFIT CoCr V40 FEMORAL HEADS

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.

**Please check off each applicable category**  ☐ Putative Class Action    ☐ Title 59

OCEAN COUNTY SUPERIOR COURT
OCEAN COUNTY COURTHOUSE
CIVIL LAW DIVISION
TOMS RIVER         NJ 08754

COURT TELEPHONE NO. (732) 929-2016
COURT HOURS 8:30 AM - 4:30 PM

TRACK ASSIGNMENT NOTICE

DATE:    JULY 26, 2017
RE:      ALBANESE VS ECOLAB INC
DOCKET:  OCN L -002111 17

THE ABOVE CASE HAS BEEN ASSIGNED TO: TRACK 3.

DISCOVERY IS    450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS: HON JAMES DEN UYL

       IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    002
AT:    (732) 929-4771 EXT 4771.

       IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
       PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH R.4:5A-2.

                ATTENTION:
                                ATT: DAVID T. WRIGHT
                                THE WRIGHT LAW FIRM
                                928 N MAIN ST
                                MANAHAWKIN           NJ 08050

JUDCAR0